UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE DESAUSSURE,

    Plaintiff,

v.                                                       CASE NO: 8:10-cv-440-T-23AEP

CAREY LAW FIRM,

    Defendant.
_____/

## **O R D E R**

The plaintiff sued (Doc. 1) the defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Following the plaintiff's reporting a settlement, a May 24, 2010, order (Doc. 10) dismisses this action without prejudice to the right of any party within sixty days from the date of the order to (1) submit a stipulated form of final order or judgment or (2) re-open the action upon a showing of good cause. Despite the dismissal, the plaintiff moves (Doc. 11) "for entry of an order enforcing the May 13, 2010, Settlement Agreement in this matter." However, "[e]nforcement of the settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This court lacks jurisdiction to entertain an action for $3,100.00 arising from a breach of a privately negotiated settlement agreement. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States."). Furthermore, the plaintiff attaches no settlement agreement, and no detectable settlement appears from the correspondence attached to the motion. Accordingly, the motion (Doc. 11) for "enforcement" is construed as a motion to re-open the case, and the motion (Doc. 11) is **GRANTED** to the extent that the Clerk is directed to **RE-OPEN** the case. On or before **Friday, July 23, 2010**, the plaintiff shall (1) serve the defendant with a copy of this order and (2) file with the clerk a certification that service of this order has been effected. On or before **Friday, August 6, 2010**, the defendant shall respond to the complaint. Failure to respond to the complaint will result in entry of default and default judgment.

ORDERED in Tampa, Florida, on July 21, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE